

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| DAVID KENNETH BURGESS, *as Personal Representative of the Estate of Dylan Cyle Burgess*,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDERSON COUNTY DETENTION CENTER, ANDERSON COUNTY SHERIFF'S OFFICE, SHERIFF JOHN SKIPPER, DEPUTY FERGUSON, DEPUTY SINGLETON, and JOHN DOES 1 TO 5,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION 1:19-3136-MGL-SVH |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND REMANDING THE MATTER TO THE MAGISTRATE JUDGE**

　　Dylan Cyle Burgess (Dylan), through counsel, filed this lawsuit against Defendants Anderson County Detention Center (ACDC), Anderson County Sheriff's Office, Sheriff John Skipper, Deputy Ferguson, Deputy Singleton, and John Does 1 to 5, alleging several state law causes of action and violations of his constitutional rights. After Dylan's death on March 1, 2020, the Anderson County Probate Court appointed David Kenneth Burgess, father of the deceased, as the Personal Representative of his estate. Thus, in accordance with Fed. R. Civ. P. 25, David Kenneth Burgess (Burgess) is substituted in place of Dylan as the plaintiff in this action.

　　The Court has federal question jurisdiction over the constitutional claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the motion to dismiss filed by all of the defendants, except John Does 1-5, (collectively, Defendants), should be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 21, 2020, Burgess filed his objections on February 4, 2020, and Defendants filed their reply to Burgess's objections on February 6, 2020.

The Magistrate Judge provided the following factual background of this case in the Report:

> On April 13, 2016, [Dylan] was arrested and incarcerated in [ACDC]. When booked into ACDC, he informed the intake officer he was gay. On June 7, 2016, Clyde Edwards Clemons, an inmate awaiting disposition of charges of a sexually violent act, was placed in [Dylan's] cell. On June 8, 2016, as the lights went out around 10:30 p.m., Clemons demanded to have sex with [Dylan] and threatened he would "take it if it was not given." Clemons pushed [Dylan] against the bars and threatened him if he said anything. When [Dylan] began screaming, Clemons pushed him over the bed and sexually assaulted him. The following night, Clemons violated [Dylan] in a similar manner. In both instances, Clemons threatened [Dylan] with physical harm should he report the sexual assault.
>
> Although [Dylan] went to the nurse, he did not reveal that he had been sexually assaulted. On Friday, June 10, 2016, [Dylan] reported to . . . Ferguson that Clemons had sexually assaulted him, and Ferguson stated he would look into it. On the evening of June 10, 2016, Clemons asked [Dylan] to submit to him again, but he used

> no force when [Dylan] declined. On June 11, 2016, [Dylan] reported the rapes to . . . Singleton, who assured him that he would "look into the situation." [Dylan] remained in a cell with Clemons until June 16, 2016.

Report at 2-3 (citations omitted).

Dylan filed this action in the Anderson County Court of Common Pleas on June 11, 2019, after which Defendants removed it to this Court. In the Report, the Magistrate Judge advises the Court that Dylan "knew or should have known he had a claim by June 8, 2016[,]" *id*. at 5, which is three years and three days before he filed his lawsuit. Consequently, the Magistrate Judge suggests the Court dismiss Burgess's constitutional claims as being barred by the 42 U.S.C. § 1983 three year statute of limitations. She further recommends the Court ought to dismiss Burgess's state claims as being beyond the two year statute of limitations as set forth in the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-110. Burgess objects only to the dismissal of his constitutional claims.

Specially, Burgess "objects to the Magistrate Judge's opinion that the accrual of the limitation period is based on the date the person knew, or should, by exercise of reasonable diligence know, that he had a claim." Objections at 6. Burgess maintains the constitutional "violation started when [Dylan and Clemons] were placed together; continued with the rapes on the 8th and 9th; was accentuated with notice to Ferguson and Singleton on the 10th and 11th; and, culminated with greater than four . . . days of threats, innuendo, physical sickness, mental debilitation and the refusal to act by ACDC, which ended on June 16, 2016." *Id*. "Therefore," according to Burgess, "the [continuing] violation doctrine applies in this case, the accrual period for the statute of limitations is on June 16, 2016; or, when Plaintiff was released from ACDC, as this is the period when discriminatory acts against him ended." *Id*. Defendants fail to address Burgess's continuing violation argument in their reply to Burgess's objections.

In the context of a Section 1983 case concerning deliberate indifference to medical needs, the Fourth Circuit held that "a prisoner may allege a continuing violation under Section 1983 by

3

identifying a series of acts or omissions that demonstrate deliberate indifference to a serious, ongoing medical need." *DePaola v. Clarke*, 884 F.3d 481, 487 (4th Cir. 2018). "The statute of limitations does not begin to run on such a claim for a continuing violation of a prisoner's Eighth Amendment rights until the date, if any, on which adequate treatment was provided." *Id*. "A plaintiff's claim of a continuing violation may extend back to the time at which the prison officials first learned of the serious medical need and unreasonably failed to act." *Id.*

The Court is unaware of any reason this same principle of law would not apply to Burgess's Section 1983 failure to protect/deliberate indifference claim. Applying these principles to the facts of this case, Burgess "allege[s] a continuing violation under Section 1983 by identifying a series of acts or omissions that [arguably] demonstrate deliberate indifference to[,]" *id*., protecting him from Clemons. "The statute of limitations does not begin to run on such a claim for a continuing violation of [Burgess's] Eighth Amendment rights until[,]" *id*., June 16, 2016, the date Burgess was released from prison such that Defendants no longer had a duty to protect him. Burgess's "claim of a continuing violation may extend back to the time at which the prison officials first learned of [their need to protect Burgess] and unreasonably failed to act." *Id.*

Thus, at this stage of the proceedings, applying the continuing violation doctrine, it appears Burgess's Section 1983 failure to protect claim is timely. As such, the Court will deny Defendants' motion to dismiss and remand this matter to the Magistrate Judge for additional proceedings.

The Court hastens to add that this remand is by no means a result of any error on behalf of the learned Magistrate Judge. Instead, Burgess failed to adequately develop his continuing violation argument until he filed his objections with this Court. *See Clement v. Spartanburg Steel Products, Inc.*, Civ. Action No. 7:19-666-MGL-KFM, 2020 WL 702751, *1-2 (D.S.C. 2020) (holding that, in a case in which the Magistrate Judge has filed a Report and Recommendation, the district court should consider matters raised for the first time in a party's objections).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains Burgess's objections.  Therefore, Defendants' motion to dismiss is **DENIED** and this matter is **REMANDED** to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

Signed this 24th day of September, 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE